IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-20016-CM |
| ) | No. 07-2187-CM |
| LAMAR MORGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Lamar Morgan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 114). In response, the government filed Appellee's Motion to Enforce Waiver (Doc. 117). For the following reasons, the court grants the government's motion and denies defendant's.

The government asks the court to enforce the plea agreement based on defendant's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### Scope of Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in defendant's plea agreement provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence, <u>except the defendant solely reserves the right to appeal the District Court's denial of his First Motion to Suppress Evidence and Statements. Further, the defendant agrees said reservation of the sole right to appeal the First Motion to Suppress Evidence and Statements will be limited to the issues raised in the First Motion to Suppress Evidence and Statements before the District Court</u>. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . .

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant challenges his sentence. He contends that the court should have sentenced him under a different Guideline range. He also argues that his attorney was ineffective for not challenging his offense level at sentencing. These arguments fall squarely within the plea agreement waiver.

In his reply brief, defendant suggests that the government breached the plea agreement. If

valid, this argument would fall outside the scope of the plea agreement. *See United States v. Navarro*, 95 F. App'x 950, 952 (10th Cir. 2004) ("[W]e believe an appeal alleging breach of an agreement likely does not fall within the scope of the agreement's waiver provision."). But defendant offers no support for this assertion or otherwise explains how the government breached the plea agreement by reaching an agreed-upon suggested sentence with defendant and defense counsel. The court finds no basis for his position in the plain language of the plea agreement or the government's actions. Defendant's attempt to avoid the waiver by alleging breach fails.

## Knowing and Voluntary

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself. He now suggests in his reply brief that he may have entered into the plea agreement without a complete understanding of the charges. But his suggestion is conclusory and not even a clear allegation that he did not enter into the plea agreement knowingly or voluntarily. It is insufficient to overcome his sworn statements in court. *See Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996) (holding that a defendant is "bound by his 'solemn declarations in open court'").

The court has reviewed the entire transcript of the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary.

## Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Defendant bears the burden of showing that one of these factors is met.  *Anderson*, 374 F.3d at 959 (citation omitted).

Defendant has not met his burden with respect to any of these factors.  Presumably, he attempts to meet the fourth factor by alleging that the government breached the plea agreement and that he did not understand the agreement.  As the court has already explained, neither of these arguments are supported by the record.

### Evidentiary Hearing

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 114) is denied.

**IT IS FURTHER ORDERED** that Appellee's Motion to Enforce Waiver (Doc. 117) is granted.

Dated this 14th  day of December 2007, at Kansas City, Kansas.

                                               **s/ Carlos Murguia**
                                               **CARLOS MURGUIA**
                                               **United States District Judge**